MIKE DALLAMATTA *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9538)

Submitted January 12, 1944. Decided February 1, 1944.

*James G. Jeter, Jr.,* for appellant.
*Strother & Christie,* for appellee.

KENNA, JUDGE:

From an order of the Workmen's Compensation Appeal Board affirming the Commissioner's rejection of his application for compensation due to silicosis contracted while employed as a coal loader by New River and Pocahontas Consolidated Coal Company, Mike Dallamatta appeals. The reasons for the affirmed order of the Commissioner rejecting the claim are therein stated as follows:

" (1) that the claimant has not been exposed to the inhalation of silicon dioxide dust in harmful quantities, for a period of two years in the same employment in this State, as provided for by Section 5, article 6, chapter 23 of the Code;

" (2) that the claimant's application for silicosis benefits was not filed within one year after the last exposure to silicon dioxide dust in harmful quantities, as provided for by section 5, article 6, chapter 23 of the Code."

The above finding of the Compensation Commissioner having been affirmed by the Board, applicant complains, not that the finding was erroneous on the present state of the record, but because the Commissioner reached his final conclusion upon the questions involved without referring the case to the Silicosis Medical Board and considering its report as the applicant asserts is required by Code, 23-6-14, and as he contends this Court held to be necessary in the case of *Fraga v. State Compensation Commissioner et al.,* 125 W. Va. 107, 23 S. E. 2d 641. Considerable proof was taken before the Commissioner during his non-medical hearings under Code, 23-6-11, the result of which was to establish that claimant is a man fifty-three years of age who moved to this country from Austria in 1921 and immediately went to work in the coal fields as a coal loader. In 1933 he was employed by the New River and Pocahontas Consolidated Coal Company for whom he has worked since that time, being employed in their Berwind 11 operation at Caples when he quit because of sickness on January 24, 1942. Applicant undertook to return to work on January twenty-ninth but found that he could not stand inside work. On May 12, 1942 claimant's application was filed, and on the same day the company reported his condition to the Commissioner. He had a hacking cough and pains in the chest which apparently made any sort of physical exertion unendurable. Medical examinations, including X-rays of the chest, failed to show the presence of fibrous tissue nor of "tubercle bacillus in the sputum".

The Berwind 11 operation of the employer seems to have been what is commonly called a "damp mine" but at the same time there was sufficient dust at the working place, or places, of the applicant to have been noticeable in the air when stirred, some witnesses speaking of it as black dust, others as dark gray. While the case was pending before the Commissioner the employer had samples of the air at and near applicant's working place chemically analyzed in order to ascertain the quantity of silicon dioxide it contained and the research division of the Compensation Commissioner's office made an exhaustive examination and report of the same nature. Both of these reports are to the effect that no silicon dioxide in harmful quantities was discovered at the time of the examinations. From the foregoing it is apparent that in the present state of this file there is no showing that the applicant is actually suffering from silicosis, and no showing that the applicant during working hours and at his place of work was exposed to silicon dioxide dust in harmful quantities for any length of time. The question therefore is whether after a full hearing upon the non-medical questions by the Compensation Commissioner, when the proof adduced shows without question that the applicant is not to be classified as among those who fall within the defined beneficiaries of the Silicosis Act, the Commissioner, nevertheless, is required to refer the matter to the Medical Board for investigation, hearing, and report before he can find as a matter of fact that there has been no exposure entitling the applicant to an award even though he is suffering from the disease? We think not.

In the *Fraga* case this Court held that under the proviso contained in Section 5 of Chapter 79 of the Acts of 1935 (Michie's Code 1937, Chapter 23, Article 6, Section 5) without reference to the Medical Board, it was error for the Commissioner to dismiss a silicosis case because it was not shown that there had been an exposure to silicon dioxide in harmful quantities over a period of not less

than two years in the same employment in this State. That holding, however, was predicated on the admitted fact that the claimant was suffering from silicosis, and was expressly restricted to "cases where reasonable doubt exists" as to when and how it was contracted, and in the opinion the point that the Commissioner is not to be required to refer all silicosis cases to the Medical Board is stressed.

This case upon its facts differs quite materially from the *Fraga* case. There, applicant undoubtedly was suffering from silicosis. Here, that fact admittedly has not been shown. There, the showing of whether exposure to silicon dioxide, for the statutory period, caused claimant's condition was doubtful. Here, entire absence of silicon dioxide exposure for the statutory period is affirmatively established. This Court regarded the *Fraga* case as containing enough testimony of a two-year exposure to silicon dioxide in harmful quantities in the same employment in this State, coupled with the actual existence of silicosis, as being sufficient to permit the report of the Medical Board to possibly influence the finding of the Commissioner on that question. Here we do not think that possible, but are of the opinion that it has been abundantly proven that this applicant has not been exposed to silicon dioxide dust in harmful quantities for the required period and hence the Commissioner wisely refrained from doing the futile thing of referring the case to the Medical Board for further study.

Having based our decision upon the first reason stated by the Compensation Commissioner in his order rejecting the claim it follows necessarily that his second stated reason to the effect that the claimant's application was not filed within one year after the last exposure to silicon dioxide dust in harmful quantities becomes immaterial.

For the reasons stated the finding of the Workmen's Compensation Appeal Board is affirmed.

*Affirmed.*