340

LAWRENCE DOUGLAS

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

AND BETHLEHEM MINES CORPORATION, *a Corporation*

(No. 12749)

Submitted September 10, 1968.    Decided October 1, 1968.

*James P. Robinson, W. Mote Thompson, Jr.,* for appellants.

*R. L. Theibert,* for appellee.

BROWNING, JUDGE:

Claimant filed his application for silicosis benefits with the workmen's compensation commissioner on July 16, 1966. The supporting physician's report showed claimant to be totally disabled by reason of silicotuberculosis. Claimant's application showed that, while he had been employed inside the mines in West Virginia from 1926 to 1956, his last nine years of employment, from 1956 to 1965, had been spent as "outside labor." The commissioner, on April 11, 1967, rejected the claim on the ground that claimant "has not been exposed to silicon dioxide dust for sixty days within two years prior to the filing of his application," the claimant protested, and the claim was set for hearing.

At the hearing it was developed that claimant's last nine years of employment had been outside the mines drying loose sand for use in the mines and cleaning respirators. However, the use of loose sand was discontinued by the employer on April 16, 1964, and thereafter only "bagged" sand, from which no dust escaped, was used. Claimant first denied that any dust was involved in the cleaning of respirators, however, he later stated: "See, I had a big nail and I knocked off the respirator and the filter contained dust, rock dust. I would take the filter off and drop it in a bath and throw the respirator in a sink for wash. Well, there *bes* a little dust come from that, rock dust, and maybe sometimes coal dust, according to what they was working with when they was using the respirators."

At the conclusion of the hearing, counsel requested and was granted a continuance for the purpose of investigating the possibility of producing further evidence. Subsequently, he advised the commissioner that he had no further testimony to offer and the case was submitted. On December 21, 1967, the commissioner affirmed his previous order rejecting the claim. The claimant appealed and on May 7, 1968, the appeal board reversed the commissioner's order of December 21 and remanded the claim to the commissioner with directions to first determine whether further evidence should be obtained, and if so, permit introduction thereof and then refer the claim to the silicosis medical

board, under the *Fraga* rule, to determine whether claimant's exposure was such as to cause, or perceptibly aggravate, a silicotic condition, to which order this Court granted an appeal on June 24, 1968.

Code, 23-5-3, as amended, relating to the powers of the workmen's compensation appeal board, provides in part that, upon review, the board ". . . shall sustain the finding of the commissioner or enter such order or make such award as the commissioner should have made, . . . Or, instead of affirming or reversing the commissioner as aforesaid, the board may, upon motion of either party or upon its own motion, for good cause shown, to be set forth in the order of the board, remand the case to the commissioner for the taking of such new, additional or further evidence . . ." The order of the board in this case provides that the order of the commissioner is ". . . reversed, set aside and held for naught and the claim remanded to the commissioner with direction that he first determine whether additional evidence should be obtained for presentation to the Silicosis Medical Board and, if so, permit introduction thereof; that reference under *Fraga* should be made at the time he deems it proper so to do, as outlined in the opinion of the Board hereto attached." The case obviously referred to is *Fraga* v. *State Comp. Comm'r., et al.,* 125 W. Va. 107, 23 S. E. 2d 641. There is no holding in the *Fraga* case to the effect that the commissioner is required to refer all cases involving silicosis benefits to the silicosis medical board. Code, 23-4-15b, as amended, specifically provides that the initial finding as to whether the claimant was exposed to the hazard of silicon dioxide dust in harmful quantities within the statutory period is one for the commissioner. It is apparent that if the evidence clearly shows that the claimant was not so exposed there is no provision in the act to the effect that the commissioner shall refer the case to the silicosis medical board. In this case the commissioner so held and it is the opinion of this Court that he properly did so upon the evidence before him and therefore there was no necessity of making a reference to the silicosis medical board.

Furthermore, it is the view of this Court that the evidence was such that the board was clearly wrong in vacating the commissioner's order and remanding the case to him for further development of the non-medical evidence. The evidence shows that this claimant had not worked inside coal mines for approximately nine years before making his application for silicosis benefits but that during that time he was employed as heretofore stated at "outside labor." The claimant, who was represented by counsel at the non-medical hearing, was given an opportunity to prove, if he could, that his place of employment was such that he might have been subjected to the hazards of silicon dioxide dust in harmful quantities sufficient either to cause the disease to develop or to perceptibly aggravate a pre-existing silicotic condition and he was unable to do so. However, at the end of that hearing his attorney moved for a continuance in order that he might have an opportunity to ascertain whether additional evidence could be secured to support the allegation that the claimant had been subjected to the hazards of silicon dioxide dust and, over the objection of the employer, a continued hearing was granted and set. At the time of the continued hearing it was stated into the record that no further testimony would be taken and the claim was submitted for decision.

The *Fraga* case is clearly distinguishable upon its facts from this case. In the *Fraga* case the claimant was employed as a coal loader in a mine of the New River Company from the year 1923 until he ceased work on May 12, 1941. In June, 1941, the claimant was examined and found to have silicosis in an advanced stage. On August 24, 1941, he filed his claim for compensation. The commissioner, in his non-medical findings, found that the claimant was not exposed to the hazard of silicon dioxide dust in harmful quantities and rejected the claim, which finding was affirmed by the appeal board. The Court, in holding that the claim should have been referred to the medical board before there was a dismissal of the claimant's case, stated: "We have here a case where, for approximately twenty years, claimant worked for one company as a coal loader, and in one of its mines for some twelve years, immediately preceding the

date when he ceased work. He never did any other character of work to which his present state of health can be attributed. He has silicosis; and he must necessarily have contracted it while working for the employer in this case. . . . The situation developed by the record presents an unusual case, and the Commissioner, before dismissing the claim, should have resorted to every possible type of investigation to ascertain the true facts. . . . A diagnosis by specialists, trained in this line of work, might have cleared up many of the perplexities of the case. . . ." However, the Court further stated that: "We do not mean to hold that there should be a reference by the commissioner to the medical board in all cases, but we are of the opinion that such procedure should be followed *where there is a reasonable doubt on any medical question, and where an investigation thereof might tend to clarify* any matter which might affect the final decision of the commissioner." (Italics supplied.) As heretofore stated, in the instant case there is no evidence that claimant was exposed to the hazard of silicon dioxide dust in harmful quantities within the statutory period, there is no more evidence of exposure obtainable, and nothing which the medical board might clarify. Therefore, the order of the workmen's compensation appeal board of May 7, 1968, is reversed as being clearly wrong.

This decision will be certified to the workmen's compensation appeal board and to the workmen's compensation commissioner.

*Reversed.*