BRACK BRYANT

*v.*

WORKMEN'S COMPENSATION COMMISSIONER
*and* J. T. FISH COMPANY, INC.

(No. 12614)

Submitted January 11, 1967. Decided January 31, 1967.

BROWNING, JUDGE, not participating.

*William G. Wilson,* for appellants. No appearance for appellee.

CAPLAN, JUDGE:

Upon the application of the claimant, Brack Bryant, the Court, on October 3, 1966, granted an appeal from an order of the Workmen's Compensation Appeal Board entered on August 23, 1966, which affirmed a prior order of the Commissioner denying the claimant's claim on the ground that he was not exposed to the hazard of silicon dioxide dust in harmful quantities during the statutory period of time.

The record reveals that the claimant filed an application for compensation on September 2, 1965 alleging therein that he had contracted the disease of silicosis. It is noted on the application that the claimant had been employed by J. T. Fish Company, Inc. from June 24, 1959 to December 28, 1964 and by the Jewel Eagle Coal Company from July 28, 1946 to

April 1958. The physician's report accompanying the application revealed a diagnosis of silicosis.

Upon consideration of this claim, the Commissioner, on September 28, 1965, found that the claimant had been employed as shown above and indicating a reasonable doubt as to whether he had been exposed to the hazard of silicon dioxide dust in harmful quantities while employed by J. T. Fish Company, Inc., ordered and directed that the claim be referred to the Silicosis Medical Board for its review not only of all medical aspects but also to determine whether the claimant had been injuriously exposed to the hazard of silicon dioxide dust in such employment. Pursuant to this order, Brack Bryant was directed to report to the silicosis Medical Board for examination on March 7, 1966. The examination was made and on March 8, 1966 the Medical Board submitted its report to the Commissioner. It was therein stated that the claimant had silicosis in the first stage. The report further contained the following findings:

"We have considered the claimant's non-medical record insofar as that is evidence contained in the record concerning the non-medical features of this case. Unfortunately, there is no non-medical hearing recorded for our consideration. After a thorough review of the working conditions of the claimant during the statutory period of time while employed by the J. T. Fish Company, it is our opinion that he was not exposed to harmful quantities of silicon dioxide during the statutory period of time."

Copies of the findings of the Silicosis Medical Board were forwarded to the claimant and employer. The accompanying letter informed the parties that the "findings are taken to be plenary and conclusive evidence by the Director unless written objection thereto is filed within fifteen days" from the date of such letter. No objection was made within such fifteen day period.

Subsequently, on April 7, 1966, the Commissioner entered an order, finding that no protest having been made to the Board's findings within the period of fifteen days provided for objection by the statute, the Board's findings of March 8, 1966 are affirmed and the claimant's application is rejected on the ground that the claimant was not exposed to the hazard of silicon dioxide dust in harmful quantities during the statutory period of time. From this order the claimant filed a timely appeal to the Workmen's Compensation Appeal Board. By order dated August 23, 1966, the Board affirmed the action of the Commissioner and this appeal was prosecuted.

It is the position of the claimant that the Workmen's Compensation Appeal Board erred in holding that the claimant was precluded from being further heard on the question of exposure to harmful quantities of silicon dioxide dust during his employment with J. T. Fish Company by reason of his failure to object to the findings of the Silicosis Medical Board within fifteen days from the date of the notice thereof. He contends that the findings of such medical board, relating to his exposure to harmful quantities of silicon dioxide dust "during the statutory period of time," constitute nonmedical findings. Therefore, he asserts, his failure to object to such findings within the fifteen day period did not foreclose his right to note his objection to the nonmedical findings ultimately made by the Commissioner. The claimant makes no attempt here to be afforded further consideration on the medical questions involved.

Demonstrating clearly that it is the duty of the Commissioner to determine nonmedical questions in silicosis cases are the provisions of Code, 1931, 23-4-15b, as amended. In part, that statute, entitled "Determination of nonmedical questions by commissioner-claims for silicosis; hearing," provides:

"If a claim for silicosis benefits be filed by an employee, the commissioner shall determine whether

the claimant was exposed to the hazard of silicon dioxide dust * * * while in the employ of the employer * * *. The commissioner shall also determine such other nonmedical facts as may in his opinion be pertinent to a decision on the validity of the claim.''

Under the provisions of Code, 1931, 23-4-8a, as amended, the function of the Silicosis Medical Board shall be to determine all medical questions relating to cases of compensation for silicosis. This function shall be performed under the direction and supervision of the Commissioner. Although the medical board is required by Code, 1931, 23-4-8c, as amended, to include in its report to the Commissioner certain findings and conclusions in relation to nonmedical questions, such findings and conclusions are nothing more than information upon which the Commissioner may base his decision. In the final analysis it is incumbent upon the Commissioner to make the final determination on all nonmedical questions in silicosis claims.

The Commissioner, relying on the decision of this Court in *Fraga v. State Compensation Commissioner,* 125 W. Va. 107, 23 S. E. 2d 641, referred the claimant to the Silicosis Medical Board for its findings on both medical and nonmedical questions. We agree that the *Fraga* decision constitutes authority for such referral. However, that case does not support the Commissioner's action in holding that the failure of the claimant to object to the medical board's findings and conclusions within the fifteen day period set out in Code, 1931, 23-4-8c, as amended, forecloses his right to object to the nonmedical findings of the Commissioner within thirty days from the receipt thereof. Section 8c provides only that a claimant must object to the medical board's findings and conclusions within fifteen days from the receipt of the notice thereof or thereafter lose his right to examine or cross-examine the members of the medical board in relation to their findings and conclusions. Absent the objection provided for therein, ''the report of a majority of the

board of its findings and conclusions on any medical question shall be taken to be plenary and conclusive evidence of the findings and conclusions therein stated.''

The report of the medical board is then submitted to the Commissioner which he may use in making a determination of the nonmedical questions involved. When this determination is made by the Commissioner, as prescribed in Code, 1931, 23-4-15b, as amended, the claimant is afforded thirty days in which to note his objection thereto. That statute further provides:

''The commissioner shall give each interested party notice in writing of his findings with respect to all such nonmedical facts and such findings shall be subject to objection and hearing as provided in section one, article five of this chapter.''

Code, 1931, 23-5-1, as amended, affords to all parties a right to a hearing on any finding of the commissioner if such party shall ''within thirty days after the receipt of such notice, object, in writing, to such finding.''

In the instant case the claimant, on April 21, 1966, filed his written objection to the nonmedical findings of the Commissioner, dated April 7, 1966. Such objection having been timely filed, the claimant was entitled to a hearing before the Commissioner on the nonmedical questions involved. Even if the claimant had filed an objection to the report of the Silicosis Medical Board within fifteen days from receipt of the notice thereof he would be deprived of any right to offer any nonmedical evidence on his own behalf. A timely objection to the report of the Silicosis Medical Board only gives him the right to examine and cross-examine the members of such board and other qualified physicians in relation to their findings and conclusions. Code, 1931, 23-4-8c, as amended.

For the reasons stated herein the order of the Workmen's Compensation Appeal Board is reversed and the

case is remanded with directions to afford the claimant a full and complete hearing on the nonmedical questions involved.

*Reversed and remanded with directions.*