Mrs. Hercy C. Ferguson,
Widow of Hercy C. Ferguson *(deceased)*

*v.*

State Workmen's Compensation Commissioner
*and*
Bishop Coal Company

(No. 12746)

Submitted September 18, 1968.     Decided October 8, 1968.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler,* for appellant.

*R. L. Theibert,* for appellees.

HAYMOND, JUDGE:

This is an appeal by the employer, Bishop Coal Company, from a final order of the Workmen's Compensation Appeal Board entered May 7, 1968, which reversed a final order of the West Virginia Workmen's Compensation Commissioner entered January 2, 1968. The order of the commissioner set aside a former award of 30% permanent partial disability benefits in favor of the employee, Hercy C. Ferguson, which award was made by the commissioner on June 2, 1967, after the death of the employee which occurred May 26, 1967. By its order of reversal the appeal board, in effect, reinstated the former award of the commissioner and granted the widow as a dependent of the deceased employee a 30% permanent partial disability award for her husband's silicosis in the advanced stage.

The material facts are not disputed and the legal question for decision is whether a permanent partial disability award which had been made to the employee, Hercy C. Ferguson, after his death entitles his dependent widow to receive such award under the provisions of Section 6 (e), Article 4, Chapter 23, Code, 1931, as amended.

Hercy C. Ferguson, who had been employed by Bishop Coal Company for many years, filed his claim with the workmen's compensation commissioner for silicosis benefits on August 25, 1966. On October 10, 1966, the commissioner, by his preliminary non-medical ruling, found that the claimant had been exposed to the hazard of silicon dioxide in harmful quantities within the statutory period and referred the claim to the silicosis medical board for its review and disposition. The order of October 10, 1966 provided that either party had thirty days from its receipt within which to file objections in writing to the order but no objections were filed by either party. The silicosis medical board examined the claimant and on May 2, 1967 filed these findings: "We have reviewed the record in the above styled claim and find sufficient evidence to justify a conclusion that this claimant is suffering from an advanced stage of silicosis with 30% impairment of his capacity to work due to the

disease silicosis." The findings of the silicosis medical board were transmitted to the parties by letter dated May 8, 1967, in which it was stated that "These findings are taken to be plenary and conclusive evidence by the Director unless written objection thereto is filed within fifteen days of this date." Neither party objected to the foregoing findings within the period of fifteen days which expired on May 23, 1967; and on May 26, 1967 the claimant, Hercy C. Ferguson, died from an illness not related to silicosis. An autopsy revealed the cause of death to be carcinoma of the stomach.

By order entered June 2, 1967, transmitted by letter of June 12, 1967, the commissioner awarded Hercy C. Ferguson 30% permanent partial disability benefits for silicosis. No appeal was taken from this order by either party.

On June 23, 1967, the commissioner was informed that the claimant Hercy C. Ferguson had died on May 26, 1967; and by order entered July 27, 1967 the commissioner reversed and dismissed his order of June 2, 1967, without prejudice to the rights of any dependent to file a claim for benefits. That order, however, did not advise the parties as to the time in which an appeal could be taken and by subsequent order entered January 2, 1968, the commissioner again directed that his order of June 2, 1967 be dismissed, without prejudice, and provided that either party had thirty days from the receipt of the order in which to appeal. From that order the widow appealed to the Workmen's Compensation Appeal Board, which, as previously indicated, by its order of May 7, 1968, reversed the commissioner's order of January 2, 1968.

Section 8c, Article 4, Chapter 23, Code, 1931, as amended, relating to the findings and the conclusions of the silicosis medical board, provides, to the extent here pertinent, that after the period of fifteen days within which either party may file objections in writing with the commissioner has expired without the filing of any such objections, the report of a majority of the board of its findings and conclusions on any medical question shall be taken to be plenary and conclusive evidence of the findings and conclusions therein

stated. As already indicated neither party filed any objections to the written report of the silicosis medical board. The widow of Hercy C. Ferguson contends that the findings and the conclusions of the board, to which no objections were filed, constitute or have the effect of an award of permanent partial disability benefits and entitle her, as the appeal board held, to the compensation benefits provided by the statute.

On the contrary the employer asserts that inasmuch as the employee died before the award by the commissioner on June 2, 1967, which was invalid and subsequently set aside by the commissioner, no valid award has been made and that there having been no compliance with the provisions of Section 6(e), Article 4, Chapter 23, Code, 1931, as amended, the widow is not entitled to any permanent partial disability benefits. That section, to the extent here pertinent, provides that "Should a claimant to whom has been made a permanent partial award of from one per cent to eighty-four per cent, both inclusive, die from sickness or noncompensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be made in the same installments that would have been paid to claimant if living: * * *."

There is no merit in the contention of the widow that the findings and the conclusions of the silicosis medical board constituted an award of permanent partial disability benefits as contemplated by the quoted provisions of the statute.

It is clear from various provisions of the workmen's compensation statute that no one except the commissioner can make an initial compensation award. The silicosis medical board has no power or authority to make any award. Its function is to determine all medical questions relating to cases of compensation for silicosis and it must be performed under the direction and supervision of the commissioner. *Bryant* v. *Workmen's Compensation Commissioner*, 151 W. Va. 423, 152 S. E. 2d 549. In that case this Court said that when an applicant for silicosis benefits has been re-

ferred to the silicosis medical board for its findings and conclusions the report of the board may be considered by the commissioner in making his determination of the nonmedical facts. In the opinion this Court said "Under the provisions of Code, 1931, 23-4-8a, as amended, the function of the Silicosis Medical Board shall be to determine all medical questions relating to cases of compensation for silicosis. This function shall be performed under the direction and supervision of the Commissioner. Although the medical board is required by Code, 1931, 23-4-8c, as amended, to include in its report to the Commissioner certain findings and conclusions in relation to nonmedical questions, such findings and conclusions are nothing more than information upon which the Commissioner may base his decision. In the final analysis it is incumbent upon the Commissioner to make the final determination on all nonmedical questions in silicosis claims."

In *Fraga* v. *State Compensation Commissioner*, 125 W. Va. 107, 23 S. E. 2d 641, this Court held in point 3 of the syllabus that "Under our Silicosis Statute, Chapter 79, Acts of the Legislature, Reg. Sess., 1935 (1937 Michie Code, 23-6), the report of the medical board created thereunder should, along with all testimony and other matters presented by the record, be considered by the compensation commissioner in making or refusing to make an award of compensation."

In the opinion in *McGeary* v. *State Compensation Director*, 148 W. Va. 436, 135 S. E. 2d 345, this Court said: "There is no provision in the workmen's compensation law giving a physician or surgeon, even if he be an official examiner for the director, the power or the authority to fix the degree of disability in any case. That is the responsibility and duty of the director alone. Therefore, in evaluating the disability of a claimant it is his duty to examine the physical findings of the examining physicians and determine from that and all of the other evidence in the case what award, if any, claimant should be granted." The compensation director referred to in the above quotation is now the compensation commissioner.

The findings and the conclusions of the silicosis medical board, to which no objections have been filed within the time permitted for the filing of objections, though plenary and conclusive, do not constitute an award of compensation but are information to be considered by the workmen's compensation commissioner in making his decision. Under the workmen's compensation statutes of this State the commissioner is the only person who is empowered to make an initial compensation award.

To entitle the dependent widow of a claimant, who dies from sickness or a noncompensable injury, to payment of the unpaid balance of a permanent partial disability award of compensation under Section 6 (e), Article 4, Chapter 23, Code, 1931, as amended, a valid award of such compensation must be made by the workmen's compensation commissioner during the lifetime of the claimant; and if such claimant dies before such award is made his dependent widow is not entitled to receive any part of an award which could have been made during the lifetime of the claimant.

The workmen's compensation system of this State is created by and based upon statute. *Bailes* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 210, 161 S. E. 2d 261; *Blevins* v. *State Compensation Commissioner*, 127 W. Va. 481, 33 S. E. 2d 408. The right to workmen's compensation benefits is wholly statutory and is not in any way based on the common law. *Haines* v. *Workmen's Compensation Commissioner*, 151 W. Va. 152, 150 S. E. 2d 883; *Dunlap* v. *State Compensation Director*, 149 W. Va. 266, 140 S. E. 2d 448. Alleged rights and remedies, not provided by the workmen's compensation statutes, can not be recognized or granted by the courts. As the statutory requirement that a valid award of compensation must be made to the claimant while living to entitle his widow to receive the unpaid balance of such award has not been satisfied in this case, this Court is without power or authority to award compensation benefits to the dependent widow of the deceased employee, Hercy C. Ferguson, or to relieve her from the unfortunate situation which has resulted from the untimely death of her husband.

For the reason stated the final order of the appeal board awarding compensation is reversed and set aside, and this proceeding is remanded to the workmen's compensation commissioner with directions to dismiss it.

*Reversed.*