Ruby Marie Sizemore, *Widow, etc.*

*v.*

State Workmen's Compensation Commissioner

*and*

Sparks Coal Company

(No. 13344)

Decided November 4, 1975.

*Sterl F. Shinaberry, Hostler, Logsdon & Shinaberry,* for appellant.

HADEN, CHIEF JUSTICE:

This is an appeal from a final order of the Workmen's Compensation Appeal Board which affirmed a decision by the Workmen's Compensation Commissioner denying appellant's application for widow and dependent death benefits. In denying the application, the Commissioner held that the provisions of *W. Va. Code* 1931, 23-4-10, as amended, in effect at the time appellant's husband, Oliver Sizemore, was injured, controlled the disposition of the application and not the statute in effect at the date of his death.

On September 25, 1961, Oliver Sizemore sustained serious injuries to his back, legs and ribs as a result of a slate fall occurring while in the employ of Sparks Coal Company as a coal miner. These injuries caused Sizemore to become a paraplegic, as a result of which he was granted a life award for total and permanent disability by order of the Commissioner dated January 25, 1963. Pursuant to this award Sizemore was paid benefits until his death occurred on May 21, 1970. The cause of his

death, as listed on the death certificate, was "chronic glomerulonephritis with uremia." Ruby Sizemore, the widow, filed a timely application for death benefits under *W. Va. Code* 1931, 23-4-10, as amended, on behalf of herself and her four dependent children.

When Oliver Sizemore was injured on September 25, 1961, *W. Va. Code* 1931, 23-4-10, as amended, provided, in pertinent part:

> "In case a personal injury other than silicosis or other occupational disease, suffered by an employee in the course of and resulting from his employment, causes death within the period of *six years* and disability is continuous from date of such injury until date of death, ... the benefits shall be in the amounts and to the persons as follows:
>
> . . .
>
> "(b) If the deceased employee leaves a dependent widow or invalid widower, the payment shall be *seventy-five dollars a month* ... and in addition *twenty dollars a month* for each child under eighteen years of age, ...." (Emphasis supplied).

In 1967, the Legislature amended this statute by inserting ten (10) years in place of six (6) years and by increasing benefits. The Legislature increased benefits again in 1969. At the time of the death of Oliver Sizemore on May 21, 1970, the statute provided, *inter alia:*

> "In case a personal injury other than occupational pneumoconiosis or other occupational disease, suffered by an employee in the course of and resulting from his employment, causes death within the period of *ten years* and disability is continuous from date of such injury until date of death, ... the benefits shall be in the amounts and to the persons as follows:
>
> . . .
>
> "(b) If the deceased employee leaves a dependent widow or invalid widower, the payment shall be *one hundred ten dollars a month* until

death or remarriage of such widow or widower, and in addition *thirty-five dollars a month* for each child under eighteen years of age, . . . . " (Emphasis supplied).

The Commissioner denied appellant's application on the ground that death did not occur within six years from the date that Oliver Sizemore was injured. Appellant objected to this ruling and evidence was taken to show that the death directly related to the compensable injuries suffered in 1961. Following the hearing, the Commissioner affirmed his original decision. As the basis for its subsequent confirmation of the Commissioner's ruling, the Workmen's Compensation Appeal Board explained in its memorandum of opinion that the statute in effect at the time of injury controlled and barred the claim because the 1967 amendment to *W. Va. Code* 1931, 23-4-10, as amended, which extended the claims period, could not be applied retrospectively.

The broad question before this Court—whether the workmen's compensation statute in effect on the date of the employee's injury or the one in force at the time of his death governs dependents' claim for death benefits— is not one of first impression in West Virginia. The Court determined first in *Hardin v. Workmen's Compensation Appeal Board*, 118 W. Va. 198, 189 S.E. 670 (1937) and then in *Lester v. State Compensation Commissioner*, 123 W. Va. 516, 16 S.E.2d 920 (1941) that the date of injury was the proper date from which to determine the validity of a dependent's claim and to measure the amount of death benefits. Later, the Court took the opposite view in *Webb v. State Compensation Commissioner*, 138 W. Va. 21, 76 S.E.2d 248 (1953) and in *Peak v. State Compensation Commissioner*, 141 W. Va. 453, 91 S.E.2d 625 (1956), ruling that the date of death was the crucial point in time. Sometime later, however, in an attempt to settle the issue once and for all, the Court in *Maxwell v. State Compensation Director*, 150 W. Va. 123, 144 S.E.2d 493 (1965) reviewed several West Virginia decisions, expressly overruled the *Webb* and *Peak* decisions and returned

to the position earlier expressed in *Hardin* that the date of injury determined which statute applied.

The basis of the Court's decision in *Maxwell* was the generally recognized rule that a workmen's compensation statute or amendment which affects substantive or contractual rights, and not merely procedural matters, cannot be given retroactive effect by judicial fiat and that legislative bodies must express a clear intent to make a substantive amendment retroactive before the courts may so apply the statute. The Court then cited *Lester v. State Compensation Commissioner, supra,* for the proposition that an employer and its employees contract with regard to compensation for injuries on the basis of the particular law in effect at the time of the injury. The *Maxwell* Court further determined that an increase in compensation for dependents was not simply a change in procedure and concluded that to give retroactive effect to the statute, by making the date of death the key date, would abrogate vested rights.

This rule is followed in many jurisdictions and is based upon rationales that the dependents' rights are strictly derivative of the injured employee's rights or that the employee's rights survive merely for the benefit of the dependents. Jurisdictions which have adopted the "date of death" rule, on the other hand, view dependents' rights as accruing at the death of the employee and thus, as separate and distinct from the employee's rights. *See,* 99 C.J.S. *Workmen's Compensation* §21c (1958) and 58 Am. Jur. *Workmen's Compensation* §301 (1948).

By the *Maxwell* case, West Virginia appears to have created a hybrid rule which this Court believes to be inconsistent, incorrect and fraught with potentials for misapplication and confusion. This is indicated because, although holding in *Maxwell* that the date of injury to the employee is determinative, this Court also has been committed to the premise that a dependent's rights and claims are unique and separate from those of an injured employee. *Gibson v. State Compensation Commissioner,*

127 W. Va. 97, 31 S.E.2d 555 (1944); *Jones v. State Compensation Commissioner*, 128 W. Va. 737, 38 S.E.2d 376 (1946); *Webb v. State Compensation Commissioner, supra* (1953); *Peak v. State Compensation Commissioner, supra* (1956); *Terry v. State Compensation Commissioner*, 147 W. Va. 529, 129 S.E.2d 529 (1963); *Maxwell v. State Compensation Director, supra* (1965); *Ashworth v. Workmen's Compensation Commissioner*, 150 W. Va. 537, 148 S.E.2d 364 (1966); *Staubs v. Workmen's Compensation Commissioner*, 153 W. Va. 337, 168 S.E.2d 730 (1969). As the decision dates illustrate, this Court recognized the "separateness" of dependents' rights prior to *Maxwell* and it has persisted in that view since that decision.

Yet, the Court in *Maxwell,* in determining that the date of injury is controlling, appeared to view the dependents' rights as separate and distinct in name only. In disposing of the "separate and distinct" argument in a single sentence, the Court misinterpreted the holding in *Terry v. State Compensation Commissioner, supra,* stating:

> "In the *Terry* case, the Court recognized that the claim of the widow is separate and distinct from that of the deceased employee, but stated that this fact could not alter or render inoperative legal principles relating to prospective or retroactive operation of statutes." *Id.* at 128.

The *Terry* decision does not stand for this proposition. Although disapproving of *Webb* and *Peak,* prospective or retroactive application of a statute was not in issue. In that case, there was no question that a 1953 amendment to *W. Va. Code* 1931, 23-4-10, as amended, was applicable to the claimant's rights since the deceased employee's last exposure to harmful silicon dioxide dust in August 1953 and his death in 1955 both occurred after the effective date of the 1953 amendment.

Rather, the *Terry* Court considered what effect should be given to certain language added to *W. Va. Code* 1931, 23-4-6(a), as amended, by a 1949 amendment. This provision read in pertinent part:

"If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities *and the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage,* the benefits shall be in the amounts and to the persons provided for in section ten of this article; ..." (Emphasis supplied).

The *Terry* Court was of the opinion that this language was "plain and unambiguous" in requiring that, before a dependent may be awarded death benefits, the Commissioner must have determined at the time of the original award that the employee was suffering from silicosis in the third stage. *Id.* at 538. It disagreed with the interpretation in *Peak* and *Webb* that this new language merely precluded the employer from relitigating, *i.e.* after the employee's death, a previous determination by the Commissioner that the employee was suffering from third-stage silicosis. Under this view, dependents were not prevented from contesting a previous determination by the Commissioner, since, unlike the employer, they had not been a party to the previous litigation. Thus, *Terry* disapproved *Webb* and *Peak* only in regard to the meaning and effect to be given to this language. It did not, as the *Maxwell* decision suggests, consider the precise issue before this Court and determine that the date of the employee's injury, (rather than the date of his death), was crucial to the dependents' claim despite the separateness of the dependents' claim.

This Court, then, is of the opinion that, as the dependents' rights are truly separate and distinct from the injured employee's rights, the date of death of the employee logically governs which statute is to be applied. As explained in the *Peak* case, since the rights of the dependents accrue at the time of death, the statute in effect at the time of death should control as to such rights. No vested rights are impaired by applying the statute in force at the time of death because, until death occurs, the surviving dependents have no rights and the

employer has no fixed liability. Consequently, although Mr. Sizemore's death in 1970 was the result of an injury sustained in 1961, granting his dependents the benefits of the intervening 1967 and 1969 amendments is not equivalent to retroactive applications of these statutes. The contrary is true; this construction is strictly prospective, applying only to deaths occurring subsequent to the statutes' effective dates. *See, Cline v. Mayor and City Council of Baltimore,* 13 Md.App. 337, 283 A.2d 188 (1971).

This view is perhaps best capsulized in the following language from a recent Idaho case, *Frisbie v. Sunshine Mining Co.,* 93 Idaho 169, 457 P.2d 408 (1969):

> "A law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; rather, a law is retroactive only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage." *Id.* at 411 of the Pacific Reporter.

To the extent that the holdings of the Court in *Maxwell v. State Compensation Director, supra, Lester v. State Compensation Commissioner, supra,* and *Hardin v. Workmen's Compensation Appeal Board, supra,* are inconsistent with the principles expressed in this opinion, they are expressly overruled. To be more precise, the Court likewise expressly disapproves *Syllabus* points 1., 4., and 5. in *Maxwell* and *Syllabus* points 1. and 2. in *Hardin, supra.*

To the extent that the holdings and supporting statements contained in the decisions of *Peak v. State Compensation Commissioner, supra* and *Webb v. State Compensation Commissioner, supra* were overruled and disapproved in *Syllabus* point 5. of *Maxwell v. State Compensation Director, supra,* those holdings and supporting statements are reinstated and approved.

Courts should not be reluctant to discard prior rulings

when cogent reasons demand that cases be overruled. Early on, Judge Brannon eloquently observed:

> "No legal principle is ever settled until it is settled right . . . . 'Where vital and important public and private rights are concerned, and the decisions regarding them are to have a direct and permanent influence in all future time, it becomes the duty as well as the right of the court to consider them carefully, and to allow no previous error to continue, if it can be corrected. The reason that the rule of *stare decisis* was promulgated was on the ground of public policy, and it would be an egregious mistake to allow more harm than good to accrue from it . . . .' " Concurring opinion, *Town of Weston v. Ralston,* 48 W. Va. 170, 180, 36 S.E. 446, 450 (1900).

The final order of the Workmen's Compensation Appeal Board is reversed and the case is remanded to the Commissioner with directions to enter an appropriate order and to take such further action as is consistent with the principles expressed in this opinion.

*Reversed and remanded.*