273 S.E.2d 586 (1980)
Bob L. COLE
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER and Westmoreland Coal Company.
No. 14876.
Supreme Court of Appeals of West Virginia.
December 19, 1980.
*587 Lawrence R. Frail, Beckley, for appellant.
Jackson, Kelly, Holt & O'Farrell, John L. McClaugherty and J. Randolph Query, Charleston, for appellees.
McGRAW, Justice:
This is an appeal from a final order of the Workmen's Compensation Appeal Board dated March 27, 1980 which affirmed the ruling of the Commissioner denying benefits to the dependents of the deceased claimant, Bob Cole.
The claimant was examined by the Occupational Pneumoconiosis Board (OPB) for occupational pneumoconiosis and in May of 1976 the OPB found that Cole had contracted occupational pneumoconiosis but that the disease had resulted in no functional impairment in his capacity to work. A protest was filed in June of 1976. In April of 1978, Cole died of cardiorespiratory arrest unrelated to his pneumoconiosis. Between the time of Cole's death and the protest hearing in November of 1978, an amendment to W.Va. Code § 23-4-6a[1] took effect. That *588 amendment authorizes twenty weeks of benefits for claimants suffering from occupational pneumoconiosis without impairment. Upon the protest hearing, the Commissioner ruled that the dependent survivors of the claimant could not receive the benefits authorized by the amendment because the claimant's death preceded the effective date of the amendment. The ruling was upheld by the Workmen's Compensation Appeal Board in March of 1980.
The question presented is whether the dependents of a deceased claimant suffering from pneumoconiosis without impairment are entitled to twenty weeks of benefits under W.Va. Code § 23-4-6a, as amended, where the amendment authorizing the benefits became effective after the claimant's death but before the ruling of the Workmen's Compensation Appeal Board. In light of our holding in Pnakovich v. State Workmen's Compensation Commissioner, W.Va., 259 S.E.2d 127 (1979) and for other reasons stated below, the answer is clearly yes.
In Pnakovich, supra, we held that:
W.Va. Code § 23-4-6a (1978) which provides that a claimant who has occupational pneumoconiosis with no measurable impairment may receive twenty weeks of benefits, is a procedural modification applicable to all claims pending before the Commissioner or the Appeal Board on the date the statute became effective, 1 July 1978. Syllabus, Pnakovich, supra.

No one questions that Cole's claim was pending before the Appeal Board on the effective date of the amendment or that the OPB had fixed the extent of his disability. The language of Pnakovich, when applied to the facts of the case at bar, would seem to compel the conclusion that the claimant's dependents are entitled to the benefits of the amendment. The Board contends, however, that because the claimant died before the effective date of the amendment authorizing twenty weeks of benefits, our holdings in Sizemore v. State Workmen's Compensation Commissioner, W.Va., 219 S.E.2d 912 (1975), and Charles v. State Workmen's Compensation Commissioner, W.Va., 241 S.E.2d 816 (1978), preclude us from applying the amendment in the instant case. Those cases hold that the rights of dependents are fixed at the date of death of the employee. After a review of the purposes of the date of death rule, we find that the Board erroneously applied the rule in this case.
The date of death of the claimant comes into play in two very different circumstances. One circumstance is where the dependents are seeking death benefits as a right independent from the employee's claim for disability benefits. The other circumstance involves those cases where the dependents are seeking benefits the employee would have received but for his death. This case involves the latter circumstance.
In Sizemore, supra, this court wrestled with the distinction between a claim for disability benefits filed by an employee and a claim of the employee's dependents for death benefits. Chief Justice Haden, writing for the court, held that a claim for death benefits under W.Va. Code § 23-4-10[2] is separate and distinct from an employee's *589 claim for disability benefits. In the context of death benefits, Sizemore stated that because the dependent's rights to compensation do not arise until death, these rights cannot be fixed until they arise. "[A]s the dependent's rights are truly separate and distinct from the injured employee's rights, the date of death of the employee logically governs which statute is to be applied." Sizemore, supra at 915. Accordingly, a dependent's claim for death benefits, is governed by the law in effect at the time of death of the employee. Syl. Pts. 1 and 2, Sizemore, supra. Because we do not here deal with death benefits, Sizemore, supra, is inapplicable.
This concept of fixing rights as of the date of death was applied to claims involving derivative dependent's benefits in Charles v. State Workmen's Compensation Commissioner, supra. There the court held that W.Va. Code § 23-4-6(h),[3] which deems findings of the OPB an "award", would be applied to a claim filed before the effective date of the amendment. The amendment became effective before the claimant's death and while the claim was still pending before the Appeal Board. In holding that the widow could recover because the amendment was in effect at the date of the claimant's death, the court stated that the purpose of the amendment "was to allow dependents to receive a deceased employee's benefits where, as was often the case, the internal workmen's compensation procedure was so burdened and lengthy that many claimants died before a final commissioner's award was made". (Footnote omitted). 241 S.E.2d at 818. In Charles, the date of death was a convenient time reference which, with the precedential value of Sizemore, provided a workable rationale for disposing of the erroneous ruling of the Appeal Board that the dependent's rights were fixed at the time of the filing of the claim. Charles, however, should not be mechanically applied.
The date of death rule, in its most usual application with derivative dependent's benefits, attempts to resolve the problem of fixing the extent of a disability. To this end, the rule often revolves around the question of whether the deceased employee received an "award", or the equivalent, before his death. While the outcome of such an inquiry frequently turns on statutory variables, most jurisdictions hold that if a claim has been filed, but no award is made at the time of death, the death will not abate the claim. 2 Larson, Workmen's Compensation Law, § 58.40 (1976). While West Virginia seems, at this juncture, to require that an "award" be made pursuant to W.Va. Code § 23-4-6a before dependents may recover, see e. g., Hagy v. State Workmen's Compensation Commissioner, W.Va., 255 S.E.2d 906 (1979); Richmond v. State Compensation Commissioner, 136 W.Va. 234, 67 S.E.2d 39 (1951), other courts have criticized this view as unfairly providing the employer with a windfall because of the death of the employee before a formal award. Reed v. Industrial Commission of Arizona, 104 Ariz. 412, 454 P.2d 157 (1969); State Department of Motor Vehicles v. Richardson, 233 Md. 534, 197 A.2d 428 (1964); Cureton v. Joma Plumbing & Heating Co., 38 N.J. 326, 184 A.2d 644 (1962); Russo v. Wright Aeronautical Corp., 25 N.J. Misc. 109, 51 A.2d 100 (1947).
The question of when death precludes derivative benefits is often addressed in the context of determinations on permanent partial disability awards. According to Professor Larson, the death of the claimant before an award is made does not make the disability impossible to prove and should not result in defeating an award. Rather, the better approach "is to make the best possible medical estimate of the probable residual disability that would have remained if the employee had lived to complete his healing period". This approach has been adopted *590 by courts with a view towards minimizing problems of proving the extent of disability while remaining true to the beneficent purposes of workmen's compensation. See, e. g., Bridges v. McCrary Stone Services, Inc., 48 N.C.App. 185, 268 S.E.2d 559 (1980); Wilhite v. Liberty Veneer Co., 47 N.C.App. 434, 267 S.E.2d 566 (1980). But see, County of Spotsylvania v. Hart, 218 Va. 565, 238 S.E.2d 813 (1977) wherein the court ruled that the dependent widow was not entitled to an award because her husband died before the end of his healing period.
Still other courts have seen fit to allow dependents to recover when no award has been made and in the face of statutes requiring that an award be made. In Powell v. Department of Labor and Industries, 79 Wash.2d 378, 485 P.2d 990 (1971), the court discussed statutory provisions which allowed a widow to receive total disability payments without an award but restricted the payment of permanent partial benefits to those situations where an award has been made prior to death.
We find no rational basis for an inference that the legislature, when it used the term award, meant to restrict the right of a widow whose husband suffered a permanent partial disability to receive payment of compensation which he would have received had he lived, to a greater degree than it restricted the right of a widow whose husband was totally disabled. Powell, supra, 79 Wash.2d at 384, 485 P.2d at 993.
A similar result was rendered in Snyder v. Wickwire Spencer Steel Co., 277 App.Div. 233, 98 N.Y.S.2d 1006 (1950), leave to appeal denied, 301 N.Y. 816, 95 N.E.2d 59 (1950). The New York statute, Workmen's Compensation Law, McKinney's Consol. Laws, c. 67, § 15, Subd. 4 provided: "[a]n award made to a claimant under subdivision three [permanent partial disability] shall in case of death arising from causes other than the injury be payable to [surviving spouse, etc.]". The appellate division interpreted this to mean that "where an injured employee dies from causes unrelated to the accident which causes his injury, an award for a scheduled loss may be made after his death". 98 N.Y.S.2d at 1007.
In any event, a review of the authorities cited, and others cited therein, leads directly to the conclusion that the date of death rule as applied to derivative benefits is designed to minimize problems of proving the extent of the injury. West Virginia is in accord with this view.
In Hagy v. State Workmen's Compensation Commissioner, W.Va., 255 S.E.2d 906 (1979) the court took the opportunity to explain the reasons behind W.Va. Code § 23-4-6(g)[4] which requires that an award be made as a prerequisite to the dependent's entitlement to derivative benefits. The court, in noting that dependents could recover in cases where the deceased claimant had suffered a scheduled injury, stated that
[t]he apparent rationale for this provision is that a severance of a bodily member is subject to a specific scheduled award under W.Va. Code § 23-4-6(f). The Commissioner can thus easily determine the award amount without the benefit of medical advice. Consequently, there is no medical evaluation and claimant's death does not affect the award process. His dependents, therefore, are entitled to the disability benefits. Hagy v. State Workmen's Compensation Commissioner, supra at 909.
The date of death rule was applied to claims involving occupational silicosis in Ferguson v. State Workmen's Compensation Commissioner, 152 W.Va. 366, 163 *591 S.E.2d 465 (1965). There, the court determined that the findings of the OPB did not constitute an award by the Commissioner and therefore, the claimant's widow was not entitled to any unpaid balance of benefits. When reviewing the Ferguson opinion in Hagy, the court noted that "[i]t is true that the legislature altered the result of Ferguson by providing that `a finding of the Occupational Pneumoconiosis Board shall have the force and effect of an award'. W.Va. Code § 23-4-6(h)." Hagy, supra at 909. As the Charles case explained, the purpose of the legislative change was to allow dependents to recover in those instances where the employee died prior to a final ruling of the Commissioner.
While we today question, in light of Professor Larson's admonition, 2 Larson, § 58.40 (1976), the rather draconian and technical approach laid down in Hagy, supra, that an "award" must be made prior to death, the implication of Hagy is clear; the date of death rule fixes entitlements which, after death, are difficult to ascertain. If, however, an award has been made, as is the case here, the date of death is no longer relevant to the inquiry of whether the dependents are entitled to compensation because the problem of fixing the extent of disability is resolved by the finding of an award. Thus, under W.Va. Code § 23-4-6(h) (1978) when construed in light of the reasons set forth in Hagy, the findings of the OPB in this case constitute an award which should not be affected by an erroneous application of the date of death rule.
Because the entitlement of the dependents in this case is no greater than the claimant's, the dependents are, in essence, standing in for the deceased claimant and should receive that to which he would have been entitled had he lived. Jordon v. State Workmen's Compensation Commissioner, 271 S.E.2d 604, (1980). Had the employee lived, he would have received the twenty week benefit set out in the W.Va. Code § 23-4-6a and applied in Pnakovich, supra.
We said in Pnakovich that
cases in litigation will receive the benefit of statutory changes favorable to the employee wherever possible. Since the Appeal Board is empowered to hear any claim de novo, prospective claimants who have pending claims in any stage of litigation under W.Va. Code § 23-4-6(a) (1978) up to and including the Appeal Board may recover. Pnakovich v. State Workmen's Compensation Commissioner, supra at 132.
Applying Pnakovich to the instant case does not offend the purpose of the date of death rule, and is consistent with the intent of W.Va. Code § 23-4-6a and the liberal construction rule concerning workmen's compensation statutes. Richardson v. State Workmen's Compensation Commissioner, 137 W.Va. 819, 74 S.E.2d 258 (1953); Hudson v. State Compensation Commissioner, 121 W.Va. 461, 5 S.E.2d 108 (1939).
Allowing cases in litigation to receive the benefit of statutory changes favorable to the claimant, Pnakovich supra, provides a procedurally more consistent system of administering benefits than has heretofore been the case. Once an award is made and the extent of the claimant's disability determined, as is the case here, the only question remaining involves the value to be placed on the award. Since the date of death rule involves questions on the extent of disability and is not concerned with the value to be placed on the disability, it has no application here. One need not look too hard to see the inequity in denying Mrs. Cole her husband's benefit but allowing Mr. Pnakovich his simply because Mr. Pnakovich lived and Mr. Cole died. Mr. Cole's death does not mean he had any lesser degree of occupational pneumoconiosis than Mr. Pnakovich or that his family no longer needs compensation. If the purpose of workmen's compensation is to provide sustenance to the injured and maimed workers and their loved ones, as Professor Larson states, 1 Larson, Workmen's Compensation Law, § 2.50 (7th ed. 1978), that sustenance should be provided by the most current benefit as deemed by the legislature. This is also the theory behind W.Va. Code § 23-4-14 which provides that the claimant or his dependents will receive the benefit of changes in *592 the value of awards throughout the life of an award. This humanitarian goal would be thwarted by extending the date of death rule to preclude an award already made when the rule's sole purpose is to determine the entitlement to an award. The instant case is not one where an award has not been made nor is it a case where there is a proof problem. Accordingly, it would be arbitrary and confusing to allow the date of the employee's death to determine the outcome of the claim when death has nothing to do with an entitlement already fixed by the OPB.
For these reasons, we adjust our rule and hold that once an award has been made, the claimant or the claimant's dependents are entitled to the benefit of all statutory amendments which become effective while the claim is pending.
We further hold that a procedural modification of the Workmen's Compensation Law is beneficially applicable to all claims pending in litigation on the date the statute becomes effective.
For the foregoing reasons, the order of the Workmen's Compensation Appeal Board is reversed and the case remanded for further action consistent with this opinion.
Reversed and remanded.
NOTES
[1] W.Va. Code 23-4-6a reads in relevant part:

If an employee is found to be permanently disabled due to occupational pneumoconiosis as defined in section one [§ 23-4-1] of this article, the percentage of permanent disability shall be determined by the commissioner in accordance with the facts in the case and with the advice and recommendation of the occupational pneumoconiosis board. Compensation shall be paid therefore in the same manner and at the same rate as is provided for permanent disability under the provisions of subdivisions (d), (e), (g), (h), (i), (j), (k), (m) and (n) of the preceding section [§ 23-4-6] of this article: Provided, that if it shall be determined by the commissioner in accordance with the facts in the case and with the advice and recommendation of the occupational pneumoconiosis board that an employee has occupational pneumoconiosis, but without measurable pulmonary impairment therefrom, such employee shall be awarded and paid twenty weeks of benefits at the same benefit rates as herein above provided.
[2] W.Va. Code 23-4-10 reads in relevant part:

In case a personal injury, other than occupational pneumoconiosis or other occupational disease, suffered by an employee in the course of and resulting from his employment, causes and disability is continuous from date of such injury until date of death, or if death results from occupational pneumoconiosis or from any other occupational disease, the benefits shall be in the amounts and to the persons as follows:
. . . . .
(b) If there be dependents as defined in subdivision (d) of this section, such dependents shall be paid for as long as their dependency shall continue in the same amount as was paid or would have been paid the deceased employee for total disability had he lived.
[3] W.Va. Code 23-4-6(h) reads in relevant part:

. . . . .
(h) For the purposes of this chapter, a finding of the occupational pneumoconiosis board shall have the force and effect of an award.
[4] W.Va. Code 23-4-6(g) reads:

(g) Should a claimant to whom has been made a permanent partial award of from one percent to eighty-four percent, both inclusive, die from sickness or noncompensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be made in the same installments that would have been paid to claimant if living: Provided, that no payment shall be made to any widow of such claimant after her remarriage and that this liability shall not accrue to the estate of such claimant and shall not be subject to any debts of, or charges against, such estate.