342 S.E.2d 229

**Ruth M. ROUSE, etc.**

v.

**WCC and Pocahontas Fuel Company.**

**No. 16813.**

Supreme Court of Appeals
of West Virginia.

April 2, 1986.

Dawn E. Warfield, Workers' Compensation Fund, Charleston, for appellant.

Jackson, Kelly, Holt & O'Farrell, Charleston, Robert J. Busse, John L. McClaugherty, for appellees.

NEELY, Justice:

■ The case before us today presents solely a question of legal metaphysics. No one disputes that the claimant widow, Ruth M. Rouse, is entitled to a lump sum award of benefits pursuant to *W.Va. Code*, 23–4–10(e) [1978]. Rather the controversy centers in whether the West Virginia Workers' Compensation Fund or the Pocahontas Fuel Company will ultimately pay the award. The talisman in this matter is whether the lump sum award of death benefits to Mrs. Rouse pursuant to *W.Va. Code*, 23–4–10(e) [1978] is separate from the original permanent total disability award on behalf of Mrs. Rouse's deceased husband Benjamin P. Rouse, and thus a new award, or whether the lump sum award is derivative of the original permanent total disability award. This is a problem that would have hardly puzzled Puffendorf. We hold that the lump sum award is a new and separate award, but that the Workers' Compensation Appeal Board erred in holding that the

Workers' Compensation Fund, rather than the Pocahontas Fuel Company, is responsible for paying the award.

On 6 January 1939 Benjamin P. Rouse was granted a permanent total disability award for injuries he sustained while working for the Pocahontas Fuel Company. The award was charged to the account of Pocahontas Fuel Company, which at that time was a regular subscriber to the Workers' Compensation Fund. The Workers' Compensation Fund paid all benefits pursuant to the permanent total disability award. On 1 July 1974 the Pocahontas Fuel Company became a self-insurer pursuant to the provisions of *W.Va. Code*, 23–2–9 [1984].

After Mr. Rouse's death in January of 1983, his widow filed a claim for dependent benefits under *W.Va. Code*, 23–4–10(a–d) [1978], alleging that her husband's death was due to occupational injury or disease. By order dated 18 April 1983 the Commissioner determined that the decedent's death resulted from Alzheimer's Disease, a cause other than the original compensable injury, and granted the claimant widow a lump sum award pursuant to *W.Va. Code*, 23–4–10(e) [1978].

■ Pursuant to the 18 April 1983 award, the Commissioner forwarded a pay order to the employer, Pocahontas Fuel Company, in the amount of $1,507.44, made payable to Mrs. Rouse. The employer protested the order as improper because it was self-insured and argued that the Workers' Compensation Fund was liable for payment of the award. On 17 January 1984 the Commissioner affirmed her 18 April 1983 order. She noted that under Rule 4.02(b) of the *West Virginia Workmen's Compensation Fund Rules and Regulations,* an employer who becomes a self-insurer must pay all awards made after the effective date of self-insurance even if the claim arose prior to that date. The Commissioner added that the benefits awarded pursuant to *W.Va. Code*, 23–4–10(e) is a new award, and thus is chargeable to the self-insured employer Pocahontas Fuel Company.[1]

---

1. Rule 4.02(b) of the *West Virginia Workmen's*      *Compensation Fund Rules and Regulations* pro-

Pocahontas Fuel Company appealed this decision to the Workers' Compensation Appeal Board. The Board overruled the Commissioner and held:

This Board notes that the decedent employee drew his entire life award until the time of his death from the Workers' Compensation Fund and from the Disabled Workmen's [sic] Relief Fund. The widow's benefits are not payable by virtue of a new compensable claim which occurred after the employer became self-insured. Rather, they are benefits payable derivatively from the original permanent total disability award. They are not paid because of a new, compensable claim, but, to the contrary, because of a non-compensable death.

We feel no reason at this time to depart from our previous decision rendered in *Boggs* and we hold that the dependent's benefits payable in this case should be paid from the Worker's [sic] Compensation Fund, and not from the employer's self-insurance program.

In summary, the Appeal Board's logic is as follows: The award pursuant to *W.Va. Code*, 23-4-10(e) [1978] is completely derivative of the original permanent total disability award. Accordingly, Pocahontas Fuel Company has paid once already, and should not have to pay again.

We cannot accept Pocahontas Fuel Company's argument that *W.Va. Code*, 23-4-10(e) [1978] "is nothing more than a revision of the method by which benefits are computed in a claim where an employee suffers a permanent total disability as a result of a work related injury." *W.Va. Code*, 23-4-10(e) [1978] provides:

If a person receiving permanent total disability benefits dies from a cause other than a disabling injury leaving any dependents as defined in subdivision (d) of this section, a lump sum payment shall be made to such dependents in the amount equal to 104 times the weekly benefit the worker was receiving at the time of his death.

This provision is not merely a revision in accounting procedures, but rather a new benefit to aid widows who have become reliant on their spouse's disability award. We will treat these new benefits in the same manner in which we treat benefits awarded pursuant to *W.Va. Code*, 23-4-10(a-d) [1978].

██ It is well established that a dependent's claim for death benefits under *W.Va. Code*, 23-4-10(a-d) [1978] is separate and distinct from the injured employee's claim for disability benefits. *Hubbard v. SWCC and Pageton Coal Co.*, 170 W.Va 572, 295 S.E.2d 659 (1981); *Sizemore v. State Workmen's Comp. Comm'r.*, 159 W.Va. 100, 219 S.E.2d 912 (1975). A widow's right to benefits does not come into existence until her husband's death, and until that time the surviving dependents have no rights and the employer has no fixed liability. *See, Sizemore v. State Workmen's Comp. Comm'r.*, 159 W.Va. at 106-7, 219 S.E.2d at 915-16 (1975). And, the Fund has no obligation. *Charles v. State Workmen's Compensation Commissioner*, 161 W.Va. 285, 289-90, 241 S.E.2d 816, 819 (1978). In a legal sense, the right to widow's benefits pursuant to *W.Va. Code*, 23-4-10 [1978] is a new award because the widow's claim is inchoate until her husband's death. This is true whether the husband's death is caused by an injury or disease incurred in the course of and resulting from his employment, or if the cause of death is unrelated.

██ The Workers' Compensation Fund's actuarial practices support our legal position. Benefits payable under *W.Va. Code*, 23-4-10 [1978] are not included in the computation of benefits payable pursuant to a permanent total disability award. Although the Workers' Compensation Commission attempts to collect premiums to cover the current and future costs of claims that arise in a given year, the reserves are established on a "claims made" basis. Until an award is made, no reserve is established. No award pursuant to *W.Va. Code*, 23-4-10 [1978] is made until

vides: "The applicant must agree to assume liability on all awards made after the effective date of self-insurance in respect to claims for an injury or death which may have occured prior to that date."

the employee's death. Accordingly no reserve is established until the employee's death. When a lump sum award is granted to a widow pursuant to *W.Va. Code*, 23–4–10(e) [1978] a new charge is entered against the account of the employer. And in the present case, because the decedent's life award was made in 1939, and *W.Va. Code*, 23–4–10(e) was not enacted until 1 July 1978, there is no possibility that we are forcing Pocahontas Fuel Company to pay twice. Accordingly, the widow's benefits are a new award, and in this case chargeable to the employer Pocahontas Fuel Company. Were this not so, other employers who have not elected to be self-insured would be paying a claim attributable to Pocahontas, while Pocahontas would pay nothing.

The final decision of the Workers' Compensation Appeal Board is reversed and the case is remanded to the Commissioner with directions to enter an order consistent with this opinion.

Reversed and remanded.