15709

## LOGAN v. WILLIAMS FURNITURE COMPANY

(33 S. E. (2d), 78)

*Messrs. McEachin & Townsend,* of Florence, S. C., Counsel for Appellant,

*Mr. Shepard K. Nash,* of Sumter, S. C., Counsel for Respondent,

February 5, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

The claimant R. W. Logan while employed by the Williams Furniture Company fell from a pile of lumber on May 6, 1940, and injured both the bone and nerve in his left arm. The Williams Furniture Company being subject to the Workmen's Compensation Act, application was made to the South Carolina Industrial Commission to determine the extent of disability and disfigurement. A hearing was held before a single commissioner at Sumter, S. C., September 17, 1943, "To Determine the Disability and Disfigurement and any other questions that may arise under the Terms of the Act." On November 3, 1943, the following conclusions of law were found by the Commissioner:

"Section 7035-34 (n), Code of Laws, 1942, provides: 'For the loss of an arm, sixty (60%) per centum of av-

erage weekly wages during two hundred (200) weeks,' and (t) of the same section provides: 'And provided, further, that the industrial commission created by this article shall have power and authority to make and award a reasonable compensation for any serious bodily disfigurement received by an employee within the meaning of this article, not to exceed twenty-five hundred ($2,500.00) dollars.'

"After careful observation of this claimant this Commissioner can arrive at no other conclusion but that he is entitled to the maximum award therefor.

"Section 7035-28, Section 7035-32, Code of Laws, 1942. govern the medical and temporary total disability, respectively."

Pursuant to the above, the following award was made:

"It is ordered that defendant pay the claimant, R. W. Logan, compensation for one hundred (100) per cent loss of use of the left arm at the compensable rate of Eleven and 11-100 (11.11) Dollars per week, for a period of two hundred (200) weeks, beginning the date his temporary total disability ceased.

"It is ordered that defendant pay the claimant the sum of Twenty-five Hundred ($2,500.00) Dollars for serious bodily disfigurement.

"It is ordered, that all medical, surgical, doctors and hospital bills incurred as a result of said accidental injury shall be the liability of the defendant:

"It is ordered, that defendant pay the costs of this hearing."

Upon review of the whole Commission the award of the single Commissioner was adopted in its entirety. Respondent thereupon appealed to the Court of Common Pleas of Sumter County where the matter was heard by the Hon. T. S. Sease, Presiding Judge, of the April, 1944, term.

On April 17, 1944, the Presiding Judge entered an order as follows:

"This matter comes before me on motion to refer the entire matter back to the South Carolina Industrial Commission, or to stay the appeal herein until the question of re-opening the case before the Commission because of a change in the condition of the respondent, Logan, might be determined by said Commission.

"After hearing arguments thereon, it is

"Ordered that said motion be, and the same hereby is refused.

"The employer, Williams Furniture Corporation, has appealed on exceptions to the findings and award of the Industrial Commission, by which said award the Commission directed the payment to the respondent, R. W. Logan, compensation for one hundred (100) per cent loss of the use of his left hand at the rate of Eleven and 11-100 (11-.11) Dollars per week for a period of two hundred (200) weeks, and in addition thereto an award of Twenty-five Hundred ($2,500.00) Dollars for bodily disfigurement, together with all medical, hospital and doctors' bills and costs of the hearing.

"Upon consideration of the arguments and the evidence herein, it appears to the Court that the exceptions relating to the award of compensation to respondent, R. W. Logan, for one hundred (100) per cent loss of the use of his left arm be, and the same hereby are overruled, and the award and judgment of the Commission thereabout be, and the same hereby is affirmed.

"The appellant, Williams Furniture Corporation, by proper exceptions assigned error on the question of the Award of Twenty-five Hundred ($2,500.00) Dollars for disfigurement. The finding of the Commissioner relating to bodily disfigurement, which was sustained by the entire Commission, is as follows:

" 'The facial expression of the claimant is drawn by pain, making it apparent to the casual observer that he suf-

fers at all times. The claimant with an awkwardly held arm, the palsied hand, the unsightly scars, presents a grotesque and pitiful picture, disfigurement is extreme.'

"It will be observed that there are four elements entering into the award of the Commission for bodily disfigurement. These are:

"(1) Four unsightly scars;

"(2) Drawn expression on the face of claimant from constant pain;

"(3) Awkwardly held arm;

"(4) Palsied hand.

"(1) Unsightly scars.—It is admitted that the respondent, Logan, has three scars on his elbow and one just below the collar bone, all of which are the result of operations. These scars of themselves are not sufficient as such to constitute "extreme" bodily disfigurement, nor are they sufficient as such to present a "grotesque and pitiful picture," as found by the Commission.

"(2) Drawn expression on the face of claimant from constant pain.—It is obvious to the Court that this element was the moving cause of the maximum award for bodily disfigurement, and yet nowhere in the record was there pointed out to me by the attorney for the claimant, whose ability is unquestioned, and evidence in the record that the facial expression of the respondent, Logan, was due in any manner to the injury suffered by him while in the employ of the appellant. Certainly, no award could be made for the pain, nor could any award be made for facial expression of the claimant unless this facial expression was brought about by and caused by the injury. As stated, the evidence in this case does not show that the drawn countenance of the plaintiff was caused from the injury. On the contrary, the evidence satisfies this Court that such expression on the face of the respondent, Logan, is one of long standing. At page 9, of the testimony we find the

following testimony elicited from the respondent, Logan, himself:

" 'Q. I notice you carry your head to one side. That was that way before the injury?

" 'A. Yes, sir. I had rheumatism.'

In the findings of Dr. M. H. Greenhill, a part of the record in this case, the respondent, Logan, in giving this physician a history of the case, stated to him as follows:

" 'At the age of 13 he had extreme rheumatism which drew his head to the right and produced the marked facial asymmetry which he now has. He at the present time carries his head like a torticollis patient.'

"Translated into understandable language, this statement merely means that one side of the face of the respondent, Logan, was drawn and out of proportion to the other side, and that he carried his head in a twisted and unnatural position, all of which was due to a rheumatic condition from which the respondent, Logan, suffered when a boy, and in no wise due to the injury suffered by the respondent, Logan.

"Undoubtedly, the Commissioner in finding that the respondent, Logan, presented a grotesque and pitiful picture, based such findings upon the drawn condition of his head and face without any evidence whatever upon which to base such findings, and this error constituted an abuse of discretion and is the basis of the maximum award for bodily disfigurement.

"(3) Awkwardly held arm; (4) Palsied hand.—None of the physicians whose reports are in the record, find that the palsied hand of the so-called awkwardly held arm was caused and occasioned by the injury suffered by the plaintiff. Certainly, counsel for the respondent, Logan, would have called such medical testimony to the attention of the Court had there been such evidence in the medical record of this case. On the contrary, the medical evidence in the case from the famous Dr. Walter E. Dandy of Johns Hop-

kins Hospital, who is described by Dr. A. T. Moore, as a physican of worldwide fame, shows:

" 'It is our conclusion that this is purely a neurotic condition, and that he should overcome the pain if he will get his mind on something else.'

"Dr. Barnes Woodhall, an eminent physician, states:

" 'It is my feeling that no operative procedure should be carried out upon this man, and I agree with Dr. Greenhill that there is a very strong psychiatric disturbance present. I do not feel that we can hope to relieve this man by any other method than settlement of his compensation problem.'

"The Court, therefore, finds and holds that the Commission committed serious error and abused its discretion in making an award of Twenty-five Hundred ($2,500.00) Dollars, the maximum sum allowed by law, and in finding and holding that respondent, Logan, presented a 'grotesque and pitiful picture,' when it appears from the testimony that such findings had no basis in the evidence therefor, but upon the contrary, the evidence of the respondent himself and of the physicians, shows that such grotesque and pitiful appearance was caused and occasioned by rheumatism existing long prior to his injury. There is no medical evidence in the record which indicates in the slightest that the so-called palsy of the hand or the so-called awkward holding of the arm is the result of the injury or might exist for and definite time in the future. It does not appear that the same is a permanent disfigurement, if it could be called a disfigurement.

"Taking into consideration these obvious errors of the Commissioner adopted by the Commission, it is the conclusion of the Court that it is necessary to reduce the award for bodily disfigurement. It is, therefore,

"Ordered that the award of the Commission for disfigurement be reduced from Twenty-five Hundred Dollars ($2,500.00) to Fifteen Hundred ($1,500.00) Dollars.

"Let a copy of this Order be filed with the respondent Commission."

From this order the claimant Logan appeals upon a number of exceptions which involve, among others the question of whether or not there was competent evidence of disfigurement.

The claimant was injured May 6, 1940. Therefore, the rights of the parties to this appeal were and are fixed as of that date and are controlled by the Statute existing at the time as Section 31, subsection (t), of Act 610, Acts of 1936, 39 St. at Large, p. 1247, and the decisions of this Court construing same.

From the conclusions of law arrived at by the single Commissioner and subsequently the whole Commission, it is clear that the Commission based the award for disfigurement upon Section 31, subsection (t), as amended in 1941 and appearing as Act 162, Acts 1941, when it should have been made in accordance with the Act as of the time of injury.

For the above-stated reasons this Court is of the opinion that this case should be remanded to the Court of Common Pleas of Sumter County with orders from this Court that it be returned to the South Carolina Industrial Commission with instructions that it render its award in accordance with the provisions of the Workmen's Compensation Act as existing at the time of injury, and it is so ordered.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes and Oxner concur.