15802

McPHERSON v. AMERICAN MUT. LIABILITY INS. CO. *ET AL.*

(37 S. E. (2d), 136)

*Mr. R. E. Hanna,* of Cheraw, Counsel for Appellant.

*Messrs. Stevenson & Lindsay,* of Bennettsville, Counsel for Respondent,

February 19, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the Opinion of the Court.

We take the following fair statement of the facts involved in this appeal from respondents' brief, having first verified it by reference to the record:

The appellant, while employed by J. L. Anderson, Inc., on September 7, 1937, received an accidental injury within the meaning of the South Carolina compensation law and at the time the American Mutual Liability Insurance Company was the insurance carrier.

An agreement for compensation was executed by appellant and the employer and carrier on September 17, 1937, and based thereon, the South Carolina Industrial Commission made its award on October 8, 1937, affirming the agreement and providing that compensation be paid for temporary

total disability at the rate of $10.38 per week, payable weekly, based upon a weekly wage of $17.30 beginning September 10, 1937, and continuing for the period of disability, not to exceed the provisions of the act. Pursuant to this award compensation at the stated rate was paid to and accepted by claimant for the period beginning September 7, 1937, and ending March 10, 1938, when claimant was pronounced by the attending physician as able to return to work. Thereafter in July, 1938, upon the attending physician's estimate that claimant had suffered a ten (10%) per cent. functional loss of the use of his hand, the employer and carrier tendered him compensation on this basis and it was refused by the claimant. He claimed then for the first time that his correct wage was $150.00 instead of $75.00 per month. In January, 1939, claimant began an action in the court of common pleas of Chesterfield County against the carrier alone, in which he sought to recover $3,000.00 actual and punitive damages, stating in his complaint that he was due $852.99 compensation based upon his claimed wage of $150.00 per month and had only been paid $274.33, leaving a balance due him of $578.33. The defendants demurred to the complaint on various grounds, one of which was that the subject of the action was exclusively within the jurisdiction of the South Carolina Industrial Commission. There the matter rested until November 27, 1943, when the claimant took *ex parte* a voluntary dismissal of his action but which order was never filed in the record of the cause. On November 30, 1943, the matter came on for a hearing before Commissioner John W. Duncan, and he filed his award on February 24, 1944, which in effect found that claimant's wage was $150.00 instead of $75.00 per month and directed compensation to be paid accordingly, and also allowed $500.00 for bodily disfigurement.

In arriving at the amount due for compensation it is apparent that he doubled the amount which had previously been paid for temporary total disability and added to that sum an amount equal to 10% functional loss of the use of the

hand (fifteen weeks) on the basis of $150.00 per month, then allowed credit for the amount of temporary total disability previously paid at the rate of $75.00 per month, to wit, $274.33, there being an error of a few cents in the calculation. His decision was appealed to the Full Commission and was affirmed by it by the adoption of his award and thereafter an appeal was perfected to the Court of Common Pleas. On March 17, 1945, Judge Dennis passed an order directing the claimant to appear before him for view of his claimed disfigurement, and it is from this order and from the order of Judge Dennis dated April 21, 1945, reversing in part the award of the Industrial Commission, with which this appeal is concerned.

In his decree of April 21, Judge Dennis reversed the Industrial Commission in its finding that claimant's monthly wage was $150.00 upon the ground that by a previous award it had fixed the wage at $75.00 a month and no appeal had been taken from it nor had it been set aside in any proper manner that the law of the case was thus fixed and the doctrine of *res adjudicata* applied. He also reversed the finding of the Industrial Commission that the claimant was entitled to $500.00 for bodily disfigurement upon the ground that there was no evidence that the disfigurement affected claimant in securing profitable employment or that his employment was affected by such disfigurement, the injury having occurred prior to the 1941 statutory amendment relative to bodily disfigurement.

There are three exceptions to the judgment. They are stated in such general terms that it is difficult to determine the issues that are intended to be raised, but we undertake to fairly interpret and consider them.

By Exception 2, appellant contends that Judge Dennis erred in reversing the factual findings of the Commission relating to the wage scale of claimant. This exception was evidently made under a misapprehension of the ground upon which this portion of the award was reversed. The lower Court did not undertake to pass upon the disputed issue as

to the amount of claimant's wages, but held as a matter of law that the previous award of the Commission in 1937, affirming the agreement entered into as to compensation, from which there was no appeal, was a final determination of the question and·that the claim now made for additional compensation based on a different rate of wages was barred on the ground of *res judicata*. There is no exception assigning error on the part of the lower Court in so holding.

Therefore, the question whether an agreement entered into for the payment of compensation for temporary total disability, when approved by the Industrial Commission and an award made in accordance·with the agreement, has the effect of a final determination of the amount of claimant's average weekly wages, precluding all parties from thereafter showing at any time prior to a final hearing that the amount therein stipulated is incorrect, .and denying the Industrial Commission jurisdiction to correct a mistake on a hearing for that purpose, is not before us. The question is an important one. We expressly refrain from intimating any opinion thereabout.

Exception 3 is as follows: "Judge Dennis erred in ruling that Commission was without authority as to amount of award, the error being that Order of November 27, 1943, gives Commission the right to 'determine amount of compensation due, extent of the disability, disfigurement and any other questions which may arise under the terms of the Act.'" As said in the foregoing factual statement, the order of November 27, 1943, was obtained on *ex parte* application of appellant and without notice to respondents. The order has never been filed. Under these circumstances, it is obvious that it was not binding on respondents and cannot properly have the effect of prejudicing their rights in any manner.

There is no exception to that portion of Judge Dennis' order disallowing the award of $500.00 for bodily disfigurement. We may add, however, that from a reading of the testimony it is clear that there is no

evidence to sustain this portion of the award. The accident occurred on September 7, 1937, and the employee's right to an award for the claimed disfigurement of his hand was governed by the then existing law and was not affected by the amendment of 1941, 42 Stat. at Large, p. 221. *Ingle v. Mills,* 204 S. C., 505, 30 S. E. (2d), 301. There must have been some evidence of disfigurement which adversely affected claimant's earning power or ability to obtain employ-. ment, and there is none such in the record. Indeed, it appears that claimant was able to, and did, obtain employment after his recovery and he continued to work until voluntary retirement in order to receive pay on that account from the railroad company by which he had been employed. This was his own, uncontradicted testimony. Under these circumstances it is plain that there was no factual foundation for the award for disfigurement under the applicable law. See generally, *Logan v. Williams Furniture Co.,* 206 S. C., 83, 33 S. E. (2d), 78.

It is contended by Exception 3 that Judge Dennis erred in issuing the order requiring appellant to appear before him for examination of his claimed disfigurement. This contention is untenable. See both opinions in *Parrott v. Barfield,* 206 S. C., 381, 34 S. E. (2d), 802. However, the presently affirmed reversal of the disfigurement award was not based upon such examination, but upon the evidence in the record, as has been seen.

Accordingly, the exceptions are overruled and the judgment is affirmed.

MESSRS. ASSOCIATE JUSTICES TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.