22088

Woodrow W. MIZELL and Vivian B. Mizell, Respondents, v. RAYBESTOS-
MANHATTAN, INC. and Liberty Mutual Insurance, Appellants.

(315 S. E. (2d) 123)

Supreme Court

*G. Dana Sinkler*, of *Sinkler, Gibbs & Simons*, Charleston, *for
appellants.*

*Jack D. Cordray*, Charleston, *for respondents.*

April 24, 1984.

HARWELL, Justice:

This appeal arises out of a workers' compensation award of death benefits. We affirm.

The primary issue on appeal is whether the $40,000 limit on workers' compensation awards found in Code § 42-9-100 (1976) applies. We hold that the limit does not apply.

Respondent Vivian B. Mizell's deceased husband was employed by appellant Raybestos-Manhattan, Inc. for 34 years. He began to experience respiratory problems, and his last day of employment was July 15, 1977. On May 19, 1978 the legislature repealed Code § 42-9-100. Mr. Mizell subsequently died on February 22, 1979. On May 2, 1979 the respondent widow filed a workers' compensation claim for death benefits.

The single commissioner found a causal connection between Mr. Mizell's inhalation of asbestos fibers in his work environment and his contraction of bronchogenic carcinoma, the disease from which he died. In awarding death benefits of $172 per week for 500 weeks ($86,000), the commissioner refused to apply the $40,000 limit.

The full commission affirmed the commissioner's factual findings regarding the cause of Mr. Mizell's death. The commission however, applied the $40,000 ceiling because it was the law in effect on the last day of employment.

The circuit judge affirmed the factual findings of the Industrial Commission regarding the cause of death. The judge, however, reversed the commission's legal conclusion that the $40,000 limit applied.

The company asserts on appeal to this Court that the $40,000 ceiling should apply. It contends that the refusal to apply the law in effect on the last date of employment impairs the obligation of the contract between the Mizells and the company. Appellant cites *Ingle v. Mills*, 204 S. C. 505, 30 S. E. (2d) 301 (1944) and *McPherson v. American Mut. Liability Ins. Co.*, 208 S. C. 76, 37 S. E. (2d) 136 (1946) to support this view.

We do not find those cases to be dispositive here. They deal with amendments to statutes after the date of injury to allow recovery for disfigurement. They hold that an employee cannot file a claim for disfigurement on the basis of an injury received prior to the amendment, when he had already re-

ceived compensation for the injury. The case at bar, on the other hand, involves a claim by a dependent for benefits after the employee's death, when no award for disability has been made.

As a general rule in the United States, the dependent's ██ right to death benefits is an independent right derived from statute, not from the rights of the decedent. 2 Larson, Workmen's Compensation Law § 64 (1983). This Court has held that in occupational disease cases compensability accrues when disability or death occurs rather than when the disease was contracted. *Glenn v. Columbia Silica Sand Company,* 236 S. C. 13, 112 S. E. (2d) 711 (1960). Here, the employee died before any disability was determined. Compensability thus accrued on the date of death, and the amount of compensation must be determined on that date.

The North Carolina Supreme Court has considered a similar issue in *Booker v. Duke Medical Center,* 297 N. C. 458, 256 S. E. (2d) 189 (1979). Our Workers' Compensation Act was fashioned upon the North Carolina Act. Thus, we give decisions by the high court of North Carolina weight. *Carter v. Penny Tire and Recapping Co.,* 261 S. C. 341, 200 S. E. (2d) 64 (1973).

In *Booker,* an employee died from hepatitis on January 3, 1974. He developed noticeable symptoms on July 3, 1971. On October 15, 1973 a doctor certified that he was unable to work.

On July 1, 1973, the North Carolina legislature amended its statute to increase maximum weekly benefits from $56.00 to $80.00 and to increase the percentage of average weekly wages upon which the award is based from 60% to 66⅔%. The amendments were made applicable to cases originating on and after the effective date of the amendments.

The company argued to the North Carolina Supreme Court that the law in effect on the date Booker contracted the disease governed. However, the Court held that "[b]ecause the claim of Booker's dependents did not arise until his death, the Commission properly considered the 1973 amendments . . . in determining the amount of the award." 256 S. E. (2d) at 205.

The State of West Virginia has also faced a similar situation. In *Sizemore v. State Workmen's Compensation Commissioner,* 159 W. Va. 100, 219 S. E. (2d) 912 (1975), an employee was injured in an industrial accident on September 25, 1961.

He became a paraplegic and was granted a life award for total and permanent disability on January 25, 1963. Sizemore died on May 21, 1970. The widow then filed an application for death benefits.

The statute governing the amount of death benefits was increased twice between the date of injury (the last day of employment) and the date of the employee's death. In addition, the statute of limitations for death claims in effect on the date of injury was 6 years. On the date of death, the statute allowed the dependents to file for death benefits within 10 years of the accidental injury.

In *Sizemore,* the court rejected the contention that the law in effect on the date of injury governed the dependents' claim for death benefits.

We agree with the West Virginia Court in *Sizemore* and the North Carolina Court in *Booker* that, "as the dependents' rights are truly separate and distinct from the injured employee's rights, the date of death of the employee logically governs which statute is to be applied. . . . No vested rights are impaired by applying the statute in force at the time of death because the employer has no fixed liability." *Sizemore,* 219 S. E. (2d) at 915-916; *Booker,* 256 S. E. (2d) 195.

Appellant contends that, had Mr. Mizell been awarded benefits while he was living, the $40,000 limit would have applied to the dependents' later claim for death benefits. He asserts that the fact Mr. Mizell died before any disability claim was heard should not increase his total benefits from $40,000 to $86,000. This argument is not persuasive.

It is true that, had Mr. Mizell received benefits during his lifetime, those amounts would have been deducted from his widow's award. Code § 42-9-290.

However, this Court has not decided whether the $40,000 maximum would apply to death benefits merely because the employee had begun to receive benefits prior to his death.

We conclude that the trial judge correctly refused to apply the $40,000 limit found in § 42-9-100. This conclusion is consistent with the purpose of workers' compensation to provide sustenance to injured workers and their families. The legislative determination that the $40,000 maximum no longer meets current needs of claimants controls here.

Appellant also contends that the trial court erred in failing to apply § 42-11-90 because the evidence established that smoking was a contributing cause to the employee's occupational disease.

On appeal, this Court must affirm the factual findings of the Industrial Commission, affirmed by the Circuit Court, if substantial evidence supports the findings. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981); *Henderson v. West Point Pepperell, Inc.*, 279 S. C. 171, 303 S. E. (2d) 859 (1983).

We recognize that the evidence revealed that the appellant had smoked cigarettes for years and that smoking can cause certain forms of lung cancer. However, appellants were not able to elicit medical testimony that smoking caused a percentage of the disability which resulted in death. *See Brittle v. Raybestos Manhattan, Inc.*, 241 S. C. 255, 127 S. E. (2d) 884 (1962).

Furthermore, under our standard of review, we must affirm factual findings below when supported by substantial evidence. The record supports the finding that inhalation of asbestos caused the cancer which resulted in death. This argument lacks merit.

The appellants finally assert that the circuit judge erred in applying an "any competent evidence" standard of review rather than the substantial evidence test. If error, this was harmless in that the trial judge found ample evidence to support the factual findings below.

We have reviewed the record under the appropriate standard and find no error.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.