0780

Roy L. CORBETT, Employee, Appellant v. CITY OF COLUMBIA, Employer, and State Workers' Compensation Fund, Carrier, Respondents.

(348 S. E. (2d) 191)

Court of Appeals

*John H. Hydrick*, West Columbia, *Isadore E. Lourie* and *Ronald A. Barrett*, of *Lourie, Curlee, Barrett & Popowski*, Columbia, *for appellant.*

*E. Ros Huff, Jr.*, Columbia, *for respondents.*

Heard June 17, 1986.

Decided Aug. 25, 1986.

CURETON, Judge:

Appellant Roy L. Corbett appeals the circuit court's order affirming a ruling of the Industrial Commission on the issue of the rate of compensation payable to Corbett. Both the circuit court and the Industrial Commission held that the Workers' Compensation law in effect on the date Corbett became temporarily-totally disabled determined the amount of his entitlement to workers' compensation benefits and not the law in effect on the date he became permanently-totally disabled. We reverse and remand.

The facts of the case are not in dispute. Corbett worked as a fireman for the City of Columbia. While fighting fires in 1977, Corbett suffered smoke inhalation. As a result, he became temporarily and totally disabled from June until September 1977, at which time he returned to "light" work. He continued to perform light work until December 12, 1977, when he again became temporarily and totally disabled for approximately one month. Corbett returned to light work on January 9, 1978, and continued to work for another year until January 1, 1979. On that date he was declared totally

and permanently disabled and medically retired from the Fire Department.

On the date of injury in 1977, Section 42-9-100 of the Code of Laws of South Carolina, 1976, provided for a maximum recovery of $40,000.00 in benefits. In the meantime, on May 19, 1978, an amendment to Section 42-9-10 of the Code of Laws of South Carolina, 1976, in effect repealed Section 42-9-100 and removed the $40,000.00 limit. 1978 S. C. Acts 500 Section 1. On March 1, 1980, Corbett filed a workers' compensation claim seeking compensation at the wage and compensation rate applicable under provisions of the amended Act. The City of Columbia admitted liability for the claim but disputed the applicable rate, asserting instead that the compensation rate existing as of the date of the injury in June 1977 should be applied.

The hearing commissioner found that Corbett's lung and chest condition, which rendered him totally and permanently disabled in 1979, was a continuation of his 1977 lung and chest condition, thereby making the 1977 weekly wage and compensation rate applicable.

The sole issue on appeal is whether Corbett's right to compensation is governed by provisions of the 1977 or 1979 Workers' Compensation Act. We hold that Corbett is entitled to be compensated under provisions of the 1979 version of the Workers' Compensation Act.

Workers' Compensation benefits are awarded not for a physical injury as such, but for "disability" produced by such injury, as measured by the employee's capacity or incapacity to earn the wages which he was receiving at the time of his injury. *Keeter v. Clifton Manufacturing Co.*, 225 S. C. 389, 392, 82 S. E. (2d) 520, 522 (1954). The intent of the legislature in enacting the Workers' Compensation Act was to relieve an injured worker from the loss or impairment of that worker's capacity to earn wages. *Shealy v. Algernon Blair, Inc.*, 250 S. C. 106, 156 S. E. (2d) 646 (1967).

It is undisputed that while Corbett experienced two periods of temporary disability in 1977, he returned to work on January 9, 1978, and worked on full salary until he was declared totally and permanently disabled on January 1, 1979. In the case of *Outlaw v. Johnson Service Co.*, 254 S. C.

486, 176 S. E. (2d) 152 (1970), our Supreme Court held that the receipt by an employee of post-injury wages equal to pre-injury wages barred a finding of disability as contemplated by the Workers' Compensation Act where the employee continued to work on the same job earning the same salary. It is clear, therefore, that Corbett was not entitled to receive benefits for total and permanent disability until January 1, 1979.

Our Supreme Court has held that "in occupational disease cases compensability accrues when disability or death occurs rather than when the disease was contracted." *Mizell v. Raybestos-Manhattan, Inc.*, 281 S. C. 430, 432, 315 S. E. (2d) 123, 124 (1984), citing *Glenn v. Columbia Silica Sand Co.*, 236 S. C. 13, 112 S. E. (2d) 711 (1960).

It is a matter of common knowledge that our Workers' Compensation Act was fashioned after that of North Carolina and our Supreme Court has repeatedly held that opinions of the Supreme Court of North Carolina construing North Carolina's Act are entitled to great weight. *Carter v. Penney Tire and Recapping Co.*, 261 S. C. 341, 200 S. E. (2d) 64 (1973). We find the North Carolina case of *Smith v. American and Efird Mills*, 51 N. C. App. 480, 277 S. E. (2d) 83 (1981), *aff'd* as 305 N. C. 507, 290 S. E. (2d) 634 (1982), instructive.

In *Smith* the claimant, a textile worker, was forced to cease work in September 1968 due to respiratory problems. Although his health continued to deteriorate, he earned some wages from 1968 to 1974 and again in 1977. He received a temporary partial disability award in 1970, but was not found to be totally and permanently disabled until September 1978. A central issue before the North Carolina Court was whether Smith should be compensated for permanent and total disability under North Carolina General Statute Section 97-29 as the statute read in 1970, at which time Smith was declared to be partially disabled but retained some capacity for employment, or as it read in 1978 when he became totally and permanently disabled. In holding that the 1978 version of the statute applied to Smith's total disability claim made in 1978, the North Carolina Court of Appeals stated:

Our conclusion that plaintiff is entitled to compensation under G.S. 97-29 gives rise to another issue: Should plaintiff be compensated for his permanent and total disability under G.S. 97-29 as it read in 1970 when plaintiff first became disabled, or as it read in 1978 when plaintiff's disability became permanent and total?

We are well aware that the law of this jurisdiction is that the applicable version of the statute is the one in effect when the disability occurs. *Wood v. Stevens & Co.*, 297 N. C. 636, 256 S. E. (2d) 692 (1979). As applied to the present facts, however, this simple rule can become difficult to apply unless one bears in mind the rationale for the rule as stated in this case: The date of disability is the date upon which the employee's claim accrues and the date upon which the employer becomes liable. [Citations omitted.] We read *Wood* to require that a given statute within the Act be applied as it read at the time plaintiff first gained rights and defendant first became liable under the statute.

51 N. C. App. at 490-91, 277 S. E. (2d) at 90.

All of the evidence in the record discloses that Corbett did not become totally and permanently disabled until January 1, 1979. Thus, no right to recover for total and permanent disability vested in Corbett until after the Act was amended in 1978. No liability accrued to the City of Columbia as a result of Corbett's total and permanent disability until January 1, 1979 some several months after the amendment. We therefore hold that the statute in effect on January 1, 1979 governs the rate of compensation payable to Corbett.

The order of the trial judge is reversed and this matter is remanded to the Workers' Compensation Commission of South Carolina for a determination of Corbett's entitlement to compensation consistent with this decision.

Reversed and remanded.

SHAW and BELL, JJ., concur.