22821

Roy L. CORBETT, Employee, Respondent v. CITY OF COLUMBIA, Employer, and State Workers' Compensation Fund, Carrier, Petitioners.
(364 S. E. (2d) 459)

Supreme Court

*E. Ros Huff, Jr., Chief Counsel,* and *Susan Oliver Silvers, Sr. Staff Atty.* of *the State Workers' Compensation Fund,* Columbia, *for petitioners.*

*Isadore Lourie, Ronald A. Barrett,* Columbia, and *John H. Hydrick,* West Columbia, *for respondent.*

Heard Oct. 19, 1987.

Decided Jan. 11, 1988.

CHANDLER, Justice:

Certiorari was granted in this workers' compensation case to review the decision of the Court of Appeals reported at 290 S. C. 71, 348 S. E. (2d) 191 (Ct. App. 1986). We reverse.

## FACTS

Respondent (Corbett) worked as a fireman for petitioner City of Columbia. On June 2, 1977, he became temporarily and totally disabled for a respiratory illness due to smoke inhalation. He returned to light work on September 5, 1977, avoiding exposure to smoke and fumes.

Corbett continued to perform light work until the same respiratory illness again rendered him temporarily and totally disabled from December 12, 1977 to January 9, 1978.

Thereafter he returned to light work. On January 1, 1979, he was declared permanently and totally disabled and retired from the fire department.

The hearing commissioner found that the respiratory problems which brought about Corbett's permanent and total disability in 1979 were a continuation of the condition which had temporarily disabled him in 1977. This finding is not challenged by Corbett.

Prior to May 19, 1978, S. C. Code Ann. § 42-9-100 provided a maximum recovery of $40,000 in disability benefits. After that date, the $40,000 limit was removed by Act No. 500, 1978 S. C. Acts 1583, which repealed § 42-9-100.

Corbett filed a workers' compensation claim seeking compensation at the new rate applicable on January 1, 1979. The City of Columbia admitted liability but asserted that the rate and conditions existing on June 2, 1977, applied.

The hearing commissioner found the applicable rate of compensation to be that in effect on June 2, 1977, the date on which Corbett was originally temporarily and totally disabled. The single commissioner was affirmed by both the full commission and the circuit court. The Court of Appeals reversed, holding that the rate in effect on January 1, 1979 should control.

## ISSUES

We granted certiorari to review two issues:

1. Whether the law governing Corbett's rate of compensation is that in effect on June 2, 1977, the date he became temporarily and totally disabled, or January 1, 1979, the date he became permanently and totally disabled.

2. Whether the Court of Appeals erred in retroactively applying a 1978 amendment of the workers' compensation law in determining Corbett's claim.

### I. APPLICABLE RATE AND CONDITIONS

By statute, the disablement of an employee resulting from an occupational disease is treated as an injury by accident. S. C. Code Ann. § 42-11-40 (1985). The amount of compensation payable for an occupational disease is the same as that provided for an accidental injury. S. C. Code Ann. § 42-11-100 (1985).

In occupational disease cases compensability accrues at the time of death or disability. *Glenn v. Columbia Silica Sand Co.*, 236 S. C. 13, 112 S. E. (2d) 711 (1960). Accordingly, the date of Corbett's disability controls the applicable benefit level. *See* 1B A. Larson, *The Law of Workmen's Compensation* § 41.84(a) (1987).

Corbett became totally disabled on June 2, 1977, at which time § 42-9-10 set out the benefits recoverable for total disability. Section 42-9-100 limited the amount of compensation recoverable to $40,000. We hold that Corbett's claim for total disability benefits is governed by the rate and conditions in effect on June 2, 1977.

The Court of Appeals, relying on the North Carolina case of *Smith v. American & Efird Mills*, 51 N. C. App. 480, 277 S. E. (2d) 83 (1981), *aff'd as modified*, 305 N. C. 507, 290 S. E. (2d) 634 (1982), held that the controlling date was the date Corbett's total disability became permanent, or January 1, 1979.

The North Carolina Workers' Compensation Act contains separate statutes governing partial and total disability awards: G. S. 97-29 covers awards for total disability and G. S. 97-30 covers those for partial disability. In the same manner, § 42-9-10 of the South Carolina Workers' Compensation Law governs total disability, while § 42-9-20 governs partial disability. The statutes of the two states are alike in principle.

Reliance on *Smith* is misplaced; the facts here are distinguishable.

In *Smith*, the claimant became partially disabled in 1970. He became totally disabled in 1978, subsequent to the amendment of the total disability statute. The North Carolina Court of Appeals held, and its Supreme Court agreed, that the claim for total disability benefits was determined by the statute in effect in 1978. The holding turned on the fact that the claimant's total disability occurred *after* the amendment of the total disability statute.

The facts in this case are different. Here, no partial disability is involved. Corbett's total disability occurred *prior* to the amendment of the total disability statute, § 42-9-10. Accordingly, his claim for benefits is determined by the statute in effect at the time he suffered a

total disability, or June 2, 1977. The date of permanent disability is irrelevant in determining Corbett's rate of compensation.

Corbett further contends that the 1977 disability should not be determinative in that, between the time of his temporary disability in 1977 and his permanent disability in 1979, he had returned to work. We disagree.

When he returned to work, Corbett was not exposed to the smoke and fumes which caused his original respiratory problems. The respiratory illness, for which he was rated permanently and totally disabled on January 1, 1979, was the identical illness for which he was found temporarily and totally disabled on June 2, 1977. Thus, the date of Corbett's disability in 1977 controls, despite the fact that he later returned to work. *See Radermecher v. FMC Corp.*, 375 N. W. (2d) 809 (Minn. 1985).

We emphasize the importance of the fact that the condition causing the 1979 disability was merely a continuation of that suffered in 1977. As counsel for petitioners conceded in oral argument, a different result might have been reached had Corbett aggravated the original respiratory illness, or suffered a new and different illness.

Our holding here is consistent with *Mizell v. Raybestos-Manhattan, Inc.*, 281 S. C. 430, 315 S. E. (2d) 123 (1984). There, we held that, for the recovery of *death benefits*, the date of the employee's death determines the amount of compensation. Because the employee died after § 42-9-100 was repealed, the $40,000 limit did not apply. We noted that dependents' rights to death benefits are separate and distinct from the injured employee's right to disability benefits. From the reasoning of the Court in *Mizell*, had the issue been employee disability benefits rather than death benefits, the $40,000 limit would have applied.

## II. RETROACTIVE APPLICATION OF AMENDMENT

The effect of the Court of Appeals' decision was to retroactively apply the 1978 repeal of the $40,000 limit. Corbett contends the amendment may be applied retroactively because it is remedial in nature.

Our decision in *Sellers v. Daniel Constr. Co.*, 285 S. C. 484, 330 S. E. (2d) 305 (1985) is dispositive. There, we held that

the repeal of § 42-9-100 involved substantive rights and that the amendment would not be applied retroactively.

Accordingly, the opinion of the Court of Appeals is reversed and the judgment of the circuit court is affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.